BLANCHE, Judge.
Leona Sanders, as administratrix of the estate of her minor son, Darryl Sanders, is appealing the finding of the trial court of a lack of negligence by the defendant and the court’s dismissal of her suit. Plaintiff’s claim arises out of an automobile accident which occurred on August 17, 1974, on Dal-rymple Drive in Baton Rouge when an automobile driven by Allan T. Simpson struck her son while he was a pedestrian in the outer lane of the northbound, two-lane street.
The appellant’s sole specification of error in her brief is that the “Lower Court erred in not finding defendant-appellee, Allan T. Simpson, negligent and in dismissing plaintiff’s suit.”
In holding that the defendant was not negligent, the trial court, in its written reasons, said:
“ * * * The Court is satisfied that the cause of this accident was the negligence of Darryl Sanders in attempting to cross a roadway when it was not safe to do so; in failing to observe the nature of the situation; and failure to yield the right-of-way to the oncoming traffic.” (Record, p. 53)
The trial judge also commented on Darryl Sanders’ capacity for negligence, stating:
“Darryl Sanders was 12 years old at the time of the incident; and at the trial, impressed the Court as a very bright individual; therefore, in the opinion of this Court, the Doctrine of Contributory Neg *665 ligence[1] is applicable to him; p. 48) (Record,
We have carefully studied the entire record, which included not only the transcript of testimony but the deposition of Darryl Sanders and Riley Hills, his companion at the time of the accident. We are compelled to agree with the trial court’s finding of these facts:
“The deposition of Darryl Sanders, when contrasted with his testimony at trial, strongly indicates that, either the boy did not know exactly where he was, or he was not where he said he was when hit. In the opinion of this Court, he could not have been standing with one foot on the median, as he indicated he was, when hit. To have this kind of accident, the defendant would almost have to deliberately aim for the boy. The skid marks preclude any such supposition, as they were on the opposite side of the street from the median. Accordingly to Allan Simpson, defendant, Sam Euggino, the investigating police officer and Riley Hills, plaintiff’s companion, he was not on the curb, but was most probably darting across the street in front of traffic.
“Testimony of Allan Simpson is consistent with the reconstruction proposed by the investigating police officer, as well as the version told by Riley Hills. When Mr. Simpson was approximately forty feet away, Darryl Sanders stepped down from the median dividing the north from the southbound lanes, and darted across, toward the east side, into the path of the automobile. Defendant immediately turned his car to the right, to the outside, applied his brakes, leaving some twenty feet of skid marks in the outer lane and attempted to avoid hitting Darryl. * * ” (Record, pp. 50, 51)
Nothing we can find in the record reflects negligence on the part of the defendant driver, Allan Simpson. The accident was occasioned when Darryl Sanders suddenly and without warning left a place of safety on the median of the roadway and darted in front of the oncoming Simpson automobile, thus creating a sudden emergency and causing an accident which the defendant driver was powerless to avoid.
Having found no error in the trial court’s well-reasoned conclusions as explained in the written reasons, we, therefore, affirm the judgment for the defendant-appellee, with costs cast to the plaintiff-appellant.
AFFIRMED.

. Contributory negligence is a defendant’s device which exculpates him from his own negligence. Last clear chance is a plaintiffs device that exculpates him from his negligence. However, the trial judge found no negligence on the part of defendant, and the doctrine of contributory negligence is inapplicable.